The Court of Appeals for the Third Circuit in St. Croix. We're sorry to leave you. We were here. We came Sunday evening. We heard cases Monday, we heard cases Tuesday, we heard cases today, and we're leaving immediately after the sitting, so I don't want the word to go out saying we came to play. That is not the fact. Okay, we will hear counsel in Government of the Virgin Islands v. Bertie Henry. Ms. Colon. Good morning again, Your Honors. Good morning. My name is Pamela Colon. I am appointed counsel for Mr. Bertie Henry, the defendant and appellant in this matter. I would like to reserve three minutes for rebuttal time. That's granted. Thank you. Your Honors, this matter arose when on patrol one evening, or late afternoon, Officer White and Officer Friday of the Virgin Islands Police Department came upon a group of individuals who were standing near some vehicles. And when they saw, when they came about, depending on whose testimony you believe, either Officer White's, which was about 45 to 50 feet, or Officer Friday's, who said it was about 30 feet, they claimed to have observed Mr. Henry throw something into a bush. And they then claimed to have observed Mr. Henry running from the scene. Officer White gave chase after Mr. Henry, and apparently Mr. Henry slipped and fell, thereby allowing Officer White to catch up to him. Officer White patted him down and did not find anything on Mr. Henry's person. However, he claimed that he found a weapon on the ground when Mr. Henry stood up from the ground. The case went to trial without Mr. Henry being charged with two counts of unlawful possession of a firearm. They also said they saw him throw something and they found a gun, or they said it looked like a gun or something, and they found a gun in the bush. The testimony of Officer White was that he wasn't sure what it was. It could have been a gun, looked like a gun. The testimony of Officer Friday is rather inconclusive or inconsistent with the rest of the facts, because he said that he saw something chrome shining in the sunlight. It was shining off the sun, but as we know, both officers have indicated that this event took place at 6.08 p.m. Both of them testified to that specifically and at that specific time. That is also the time that they recorded on their report. And as the government has conceded, the sun set that day at 5.55 p.m. So we are about... Wasn't there testimony that it was still light enough to see? There was testimony that it was not completely dark, and that would be consistent, because obviously it was in dusk period. But the very specific testimony from Officer Friday was that he actually saw the sun shining off this chrome-plated object, or this chrome object. And that could not possibly have occurred. It's inconsistent with his own testimony that this happened at 6.08. And that, in essence... Well, let me proceed with what then happened. The case did go to trial. There was quite a dispute over the admission of an absence of entry of firearm license from St. Thomas. That was admitted. That was an essential element of the government's prosecution. And Mr. Henry was then convicted on both counts with regard to both guns. It went on appeal to the Appellate Division of the District Court. And at that point in the appeal process, the appellant pointed out that the government at trial had failed with regard to one of the guns to establish that it was operable, which is an essential element under Virgin Islands law. And the government conceded that. They did concede that. So what we're here today on is the simple conviction under the remaining gun, and I believe that was count one, that still stands. With regard to that... Can somebody clarify for me... I guess it's somebody that has to be heard. I understand, but I am also addressing counsel for the Virgin Islands to make a note of this. If you can't help me with this, I promise to come on. We had in count one, we had a .38 caliber Model 67-3. In count two, we had a .38 caliber Model 64-4. Which gun was which? Which was the one in the hedge? Which was the one they found underneath them? Do you know? I cannot help you with that. I was trying to find out that information myself as I reviewed the record. I was not trial counsel in this matter. And that is a question that I had. And unfortunately, they talk about the photographs of where the different guns were located, but they only refer to it in the testimony as a .38 model. And unfortunately, they're both .38 caliber weapons. So as far as I could tell from the direct record, I could not figure that out. Maybe the government can. That's why I said someone. But thank you, ma'am. I might also add, you talked about insufficiency of the evidence, but isn't this really an issue whether or not the officers are credible? And isn't that really something that is for the jury? Normally it does go to the jury, Your Honor, and I agree that as the appellant we have a very high wall decline to get to the other side of that. But because Officer Friday's testimony was so directly conflicting and internally conflicting, he was inconsistent with himself. There cannot be any finding of credibility on his part whatsoever. And the other officer, Officer White, did not say that he saw what was being thrown. And therefore, the extent to which the testimony that was given is so contradictory, it should not have been believed and could not have been believed by this jury. And that's the basis of our argument with regard to the sufficiency of the evidence. So don't we have to give the jury, the verdict winner, the benefit of every possible inference? If there's any evidence at all that can support this, don't we then have to uphold it? You do. That is the standard. But there isn't credible evidence that can support this here because they could not have possibly believed both parts of Officer Friday's testimony. The sun wasn't out, so it could not have been shining on a chrome object. Well, I mean, even when the sun goes down, I've seen there's enough light to see. Don't let the government argue that. I had a question for you. Yes. On the absence of entry. Yes. In your brief, you concede that evidence of his lack of authorization to possess the firearm, that that's evidence. But you say such slight evidence, I'm quoting, is not the substantial evidence necessary for a finding of guilt beyond a reasonable doubt. End quote. What more is needed? Well, our real problem with the entry form, the absence of entry form, is that it should never have been admitted in the first place. And the form just stood there on its own. There was no opportunity to cross-examine anybody with regard to that form. It was entered pursuant to the trial court's finding that it was admissible under 803-6 of the rules of federal evidence as a business document exception. However, that 803-6 requires that it be part of the regular routine course of business. And that certainly is not the case here. It was created because it was a response to a specific request that that document be created. And not only that, even more importantly, 803-6 says that you cannot have, it cannot be a business record and it cannot be admitted under that exception if it, in fact, was created during the course of and for the purpose of litigation. And that's exactly what this document does. This document is requested after Mr. Bertie Henry was arrested, after the case had been pending, and had been requested in order to be offered as proof. Well, go ahead, Judge. Well, as I'm sure you know, if there is an alternative ground for reaching the same result that the trial court did, we're supposed to find it. Yes, I understand. And apply it. And it seems to me that this certificate did have a seal on it, right? It did have a seal, sir. And somebody signed it, attested it. That's correct. Well, Section 10 of the hearsay rule, 803, says to prove the absence of a record, you can, in a public office, evidence in the form of a certification in accordance with Rule 902. And 902.1 says, which is entitled, Domestic Public Documents Under Seal. A document bearing a seal purporting to be that of the United States or any state, district, commonwealth, territory, or insular possession thereof, if it's sealed and attested to, is self-authenticating under 902. So doesn't Subsection 10 of 803 and Section 1 of 902 indicate that this document was properly admitted? It does not. It indicates that it could have been properly admitted under that exception, but it was not because 902.11 requires proper notice. And the notice that is required for a self-authenticating document, even one with a seal. But if it could have come in under these other sections, 803.10 and 902.1, why wouldn't this just be harmless error? Certainly the court may have been wrong, but it could have been admitted under another section. I don't understand where the problem is. It could not have been admitted because they did not give proper notice. Even the trial court found that they could get it. Is there a notice requirement under 803.10 and 902.1? It's under 902.11. The notice requirement goes to a self-authenticating document, including a document under seal. There's no distinction at that point. And 902.11 requires a specific notice of the intention to rely upon 902 as the basis for admissibility, not simply that you're going to use the document. Because as we have conceded here, the government did turn over the document. But when they turned it over, all they said in their notice of discovery is notice is hereby given that the government intends to rely upon all of the evidence contained in the aforementioned. There was no specific 902.11 requirement or compliance saying that, and we're going to be using that rule to get this as a self-authenticating admissible document. Therefore, under both U.S. v. First and U.S. v. Polelo, both Third Circuit cases, there was not proper notice given to the defendants in this case, and therefore this document should not have come in under 902 or 803.10. I'm not sure that I'm persuaded that the kind of document we're talking about here, I'm going back not to this alternative argument, but your argument that this is not a document held in the regular course of business. And you say, well, if it's made specifically for litigation, it can't be. But it seems to me that the kind of document that's made specifically for litigation is something that's written off especially rather than a form that they always have and that they have just filled out, which they do any time they have done. I don't understand why that's a document created specifically for litigation. I know your red light's on. Thank you, if I could respond. This document does not get created without a specific request. You can't go over to the office where the firearm licenses are kept and say, okay, I want an absence of firearm registry. You don't have them printed off, but it's the kind of document that's always used. Is it the kind of document that's always used when they want to show that there has been no authorization? It's always used when they're in litigation. That's exactly what the document is. But the records they've searched were prepared prior to this case. In other words, there are records showing who's authorized and who isn't. Those haven't been prepared. They've been prepared anti-modem-litem. They haven't been prepared after this thing began. That's correct. But that's not what was relied on here. What was relied on was this absence of entry, and that is the document that was admitted, and that is the document that was prepared at a specific request after litigation began. But to get that, you had to search the records to see if there was an entry and come to the conclusion there wasn't, and those records were previously prepared. Did you waive this argument by not raising it in your brief before the lower court? We did discuss it, and I believe we did discuss it. It was in a reply brief, but I don't think it was in your opening brief. In fact, I can't find it in there anywhere. I do believe we talked about Rule 8036 and the business record exception, and we then addressed the alternative possibility because as Judge Stapleton pointed out, we do have to address if there's any other possibilities that you all could find that it would be admissible. Did you preserve Hans' rebuttal? I did. Okay. Okay. Thank you. Thank you very much, Your Honors. Before I forget, if I may ask you, do you know which gun was which? Let him say his name. I just said before I forget. He'll put his name on it. Good morning. My name is Richard Davis. I'm an Assistant Attorney General from the Virgin Islands Department of Justice representing the government here this morning. In response to your question, the answer is no, I don't know. But I did find in the testimony of the officers at the trial, they distinguish between these guns by the barrel, and they call one a long barrel .38 and one a short barrel .38. The long barrel .38 was the one that was thrown from the car. The short barrel .38 was the one that was found next to the defendant or under the defendant. As to which is indictment number one and which is indictment number two, I'm not sure. The long one was thrown. Yeah. But the longer barrel may account for the appearance of a dint from the sunlight while it's being thrown. But I wanted to raise the very point that you ended with, Judge Antwerp. My understanding is that appellants must present all of their issues and arguments in their opening brief, and that anything that was not raised in the opening brief is not proper. It's not a proper issue to be raised for the first time in a reply brief. In their opening brief, they raised two issues. They raised the issue of the sufficiency of the verdict with respect to count one, and they raised the issue of introducing the weapons into evidence without establishing a proper chain of custody. Right. So my understanding is that those are the issues that are before the court at this time on this appeal. And I would also point out that apparently the appellant did the same thing in the appellate division of raising new arguments in the appellate division and was admonished by the appellate division as to the impropriety of that. So, again, I think we have litigated a lot of these questions more than once, both on the trial level and on the appellate level. I would also say that the question with respect to, and, again, I don't believe it's properly before the court, but with respect to the issue of notice on the certificate that was introduced as evidence, the trial court held a hearing at length about the issue of notice. And, unfortunately, when the appendix was ordered for the appellate division, that hearing didn't appear as part of the appendix. And the government had to go back and get that hearing in which the notice issue was discussed, and it does appear in this appendix at the very end. And I think it goes over that whole issue of notice with regard to the use of this statement very sufficiently, and I happen to agree. You asked for that to be put in the appendix. Is that how it ends up? Yeah. In the appendix. Yes, ma'am. That's my understanding. And then, finally, I just also want to add that I agree with the court who mentioned that this notice would have come in under 902. Anyway, and the trial court notes that. You still have to give advance notice to come in under those sections, she had said that under 803.10 and 902.1, you still have to give advance notice. Is that correct? I believe there has to be some notice. And, normally, the documents that are intended to be introduced as evidence are turned over prior to the trial, and that happened in this case. This document was turned over prior to the trial. Oh, all right. Certainly, I think it was sufficient notice. Whether there's a more specific notice required by 803.10 or 11, I don't know. Would that be why the Superior Court said that the government gave proper notice even under 902.11? Yes, sir. I believe so.  Excuse me. I sense a question brewing. Did the district court rule that you had given proper notice? Yes. The Superior Court ruled that proper notice had been given. Following this hearing, the transcript of which appears in your appendix, there was an order, I believe. It's a written order, I believe, that admits the document and says the notice was sufficient. I have the appendix, too. Do you have it, too? Here is the appendix. Oh, you have it, too. Go ahead. Page 326. My appendix stops at page 326. Here it is. Here you go. George Stapleton's appendix. 2627. Do you have it, Judge Staben? It seems to be a hearing. It seems to be. That's just the first page of a hearing. But that's you go ahead. We can find that. Well, I believe the entire hearing should have been included. Do you know where it is in the hearing transcript? It's in the appendix. It's a transcript. Towards the end, maybe? The very last page. Let's see. Do you have it in yours? I do. It's bound in the copy that I received from the appellant. Mine ends at 326. It's very curious. I'm sorry. It's on page 333 of the appendix. The court, while I have already ruled regard to the notice, I think that notice does satisfy the requirements of Federal Rule of Evans 902. Well, I'm just going to review, hopefully quickly here, and to deal initially with the first question of whether there was sufficient evidence for the jury to have found the defendant guilty of the possession of the weapon in this case. Thank you. Is there such an inherent inconsistency that, as a matter of law, evidence would be insufficient in this case? As a matter of law? Well, yeah. It was argued to us that the evidence was insufficient because there's some conflicts between what Officer Friday testified to and Officer White. Just comment on that briefly. Well, Your Honor, I would say that those do not go to evidence. Those are not questions of evidence. Those are questions of credibility. That if one officer said it was almost dark and one officer said it was nearly dark, those are not going to evidence. They just should be weighed as to credibility. And certainly, I don't think that they would... How about the glint of the sunlight? Again, I think those are all credibility issues. The members of the jury are all citizens of St. Croix. They're aware of how long it stays light after the sun goes down. Some are probably aware of the fact that even when the official sunset occurs, sometimes the sun doesn't go down until a little later than that. And those are the factors that the jury has to consider in evaluating the credibility of the witnesses, I think. But I think that the question here, really, that the court should bear in mind is that the defendant here bears a very, very heavy burden of establishing that all of the evidence, both direct and circumstantial, when viewed in the light most favorable to the government, and the government is given the benefit of all inferences that could be drawn from it, that no rational jury could find that essential elements of the crime were proven beyond a reasonable doubt. And that's the standard, I think, that the court has to apply. But even, well, finally, under the second argument there, it should be pointed out that in their trial motion under Rule 29, they argue that the government failed to prove the defendants had no license and failed to prove that the guns were operable. Thus, on this issue, on the issue of the possession, now being raised for the first time, the court should only review for plain error. But even if the court decided that a stricter application should be applied, there is certainly not sufficient evidence present to overturn a jury verdict in this matter. And with respect to the adequacy of the possession, the defendant challenged a little bit the use of Powell. The Powell case, or excuse me, I'm sorry, it's the Williams case, where a pursuing officer saw a defendant throwing a weapon from the car. In that case where they set indicia for possession of a gun in a car, this case meets two out of those three indicia. That's why it was counted. But clearly the gun was in the car, or the guns were in the car, and one at least was thrown from the car in the presence of the officers. Didn't he make a mark on the guns so he could identify them? The original officer who covered the officer made a mark on the guns. That was at Encarnacion, right? I believe so. Which was common police practice. And remains so. With respect to the issue of chain of custody, just quickly, as the court knows, there's no requirement for a chain of custody, for anything to be introduced into evidence. The requirement is for authenticity, that something must be shown to be authentic. Courts have come in cases where there's a fungible item, or there's an item of evidence that can be somehow changed through the course of custody in some manner. You have to show a continuous chain of custody, but this was merely a weapon that was identified. Here they've signed a chain of custody. All the relevant officers actually signed a chain of custody document. I'm not really sure. If they give them an officer and say, sign this, the original permit will go. But we do have that in the record. The missing officer was the supervisor of the evidence room. He signed when the gun came in, and he signed when the gun went out. That's what's missing in the link. Well, there was some conflict. Encarnacion testified he gave the weapons to Heisman for testing, but Lieutenant Benerson, who conducted the test, testified he got them from Heisman. So you could read it with some conflict, but they did all sign it. The two officers worked together. Those two officers were in charge of the evidence room. You never called Heisman your officer, never called Heisman as a witness. That's correct. My understanding is that he wasn't on a bill. He was Ohio. Okay. Thank you very much. Thank you very much. Ms. Golung, you saved the bubble time. Yes, I did. With regard to the issue in our opening brief, we do have it with regard to the Rule 8036, whether or not this was a business record. That's at page 25. And with regard to whether or not there was proper notice under 9211, that argument begins at page 27. So it is there in the opening brief. In this court? Yes. But I'm talking about the appellate division brief. What page in your appellate division brief says the Superior Court improperly admitted the absence of entry record? The problem was the confusion with the record at that level. What happened was when the case was tried, it was tried by a different lawyer with the local public defender's office, and when the case went on appeal, the notice of appeal was filed by that office, and the transcripts were ordered by that office. When I was appointed and we got those transcripts, there was nothing to indicate that any ruling had been made at all with regard to this issue. And it wasn't until the government was able to obtain, in connection with their appellee brief, that missing transcript, that it all of a sudden became clear that there was a record to discuss. But we did raise the issue of whether or not that evidence was properly before the jury because we argued that there either had to have been a witness there, and there wasn't a witness, or some particular notice. And the court, at the page that you cited, Your Honor, excuse me, in the appendix at 333, did find that the notice requirements of 902.11a.b.c. were met. And we contend that that was definitely error because... But you don't dispute you got a copy of this? We did get a copy. Why would that not be noticed? Because 902.11 says, a party intending to offer a record into evidence under this paragraph must provide written notice of that intention. And if you look at the first case and you look at the Pallello case, it's clear that it isn't enough just to say, here, we're going to try to get this admitted into evidence. You have to go take that step further and say, and we're going to try to do it as a self-authenticating document. And that's what the government did not do here, and that's where we find fault with the Patron Clause. But that's because 11 deals with business records. Correct. Records kept in the regular course of business. This is a public document, and it is admissible under 803.4 if it is self-authenticated under any 902 rule. And 902.1 says, if you've got a public document with a seal on it, that's authenticated. It says nothing about notice. Aren't the rules different with respect to public documents as opposed to business documents maintained in the regular course of business? And doesn't it make a lot of sense to require notice in the latter because there's much more to look into than in the former? There is, Your Honor, but because none of that was raised below, and this is all the other sections that this esteemed court found could possibly apply, those issues weren't ferreted out below. Well, we can affirm on that ground if we want to with a court of appeals. Yes, I understand that, Your Honor. I do understand that. I mean, I know you're saying that wasn't raised below, but you didn't raise a few things below either. All right. Okay. If there are no further questions, we would just request that the conviction be reversed. Thank you. You said you were appointed counsel. Is that CJA? Yes, that's correct. Okay. I just wondered. Well, thank you for undertaking the CJA representation. Thank you. Yes. No problem. Thank you again. We will now hear U.S. v. Fleming. We can wait a few minutes. Okay.  Thank you. Thank you.  Thank you.